UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 0 8 2011
Clerk, U.S. District and
Bankruptcy Courts

VINCENT C. NWAFOR, :
:
Plaintiff, :
:
v. : Civil Action No. 11-1194
:
GOODLUCK JONATHAN, *et al.*, :
:
Defendants. :

## **MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss this action.

Plaintiff alleges that armed gunmen shot and killed his brother, Basil N. Nwafor, at a hotel in Lagos, Nigeria, on January 24, 2001. Compl. at 5. He deems this event an act of terror, and seeks to hold the President of the Federal Republic of Nigeria and other government officials liable for this "wrongful death" and the resulting "conspir[acy] to cover-up the murder." *Id.* at 1. Plaintiff brings this action under the Foreign Sovereign Immunity Act ("FSIA"), *see* 28 U.S.C. §§ 1602-11, and he demands compensatory and punitive damages totalling $250 million. Compl. at 2.

The FSIA "provides the exclusive basis for subject matter jurisdiction over all civil actions against foreign state defendants, and therefore for a court to exercise subject matter jurisdiction over a defendant the action must fall within one of the FSIA's exceptions to foreign sovereign immunity." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 47 (2d Cir. 2010); *Roeder v. Islamic Republic of Iran*, ___ F.3d ___, ___, 2011 WL 2739836, at *1 (D.C. Cir. July 15,



1



2011) ("The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies.") (citation omitted). A foreign state's Immunity is waived, for example, if the "personal injury or death . . . was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act." 28 U.S.C. § 1605A(a)(1). There is "a generally applicable private right of action against foreign states for state sponsorship of terrorism." *Roeder*, 2011 WL 2739836, at *1; 28 U.S.C. § 1605A(c) (allowing a United States national to bring an action against "[a] foreign state that is or was a state sponsor of terrorism . . . and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency . . . for personal injury or death by acts described in subsection (a)(1)."). Relevant to this action is a requirement that "[t]he foreign state defendant must have been designated a state sponsor of terrorism by the State Department either at the time the terrorist act occurred or as a result of that act." *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1122 (9th Cir. 2010) (citing 28 U.S.C. § 1605A(a)(2) (original version at 28 U.S.C. § 1605(a)(7)(A)-(B))). Four nations have been designated state sponsors of terrorism, *see* http://www.state.gov/s/ct/c14151.htm (designating Cuba, Iran, Sudan and Syria), and Nigeria is not one of them.

The Court will dismiss this action for lack of jurisdiction. An Order consistent with this Memorandum is issued separately on this same date.

Date: 7/27/11

Henry H Kennedy, Jr.
United States District Judge

2